Deyo, J.
The respondent has secured a verdict of $7,611.64, by reason of the personal injuries which he suffered as the result of an intersection collision between his motorcycle and the appellant’s automobile.
Appellant’s principal objection, and the only one which, in our opinion, has any substance, involves the refusal of the trial court to grant certain requests to charge relative to the testimony of one Mr. Montgomery, respondent’s only eye witness. Mr. Montgomery, an attorney at law, gave a version of the accident which was highly favorable to the respondent and extremely damaging to the appellant. On cross-examination he was questioned somewhat at length, and over objection, concerning certain prior disciplinary proceedings whereby he had been suspended from the practice of law for three months. At the time the testimony went in, the court clearly indicated that it was received only as affecting the credibility of the witness. Apparently counsel for respondent made some reference to this cross-examination in his summation which does not appear in the record as printed. At any rate requests to charge and rulings were made as follows:
“ Mr. Carter: I except to that portion of counsel’s summation with reference to our right to examine Mr. Montgomery as to the action of the Appellate Division, and with reference to that I ask your Honor to charge that we had a perfect right to cross examine Mr. Montgomery as to those acts on the basis of his credibility.
“ The Court: Well, I don’t know that I will charge it that way, and I will say that you did examine him under no objection on the part of the attorney for the plaintiff. It went in.
“ Mr. Carter: I except to your Honor’s qualification as to the charge requested, and I ask you to charge directly the fact that Mr. Montgomery was suspended from the practice of law in this state by the Appellate Division, and that may be considered by the jury on the question of credibility.
“ The Court: I refuse so to charge. The jury will consider all the evidence.
“ Mr. Carter: I except.”
No one may gainsay that appellant did have a right to question the witness concerning this suspension, or that such *453 fact could be considered by the jury in determining his credibility. The court was therefore in error in the above rulings. (Hyman v. Dworsky, 239 App. Div. 413.) True, appellant was permitted to adduce such information, but the rulings above quoted, to our mind, completely negative whatever weight the jury may have been inclined to give such evidence. These rulings not only entirely withdrew the fact of suspension from the consideration of the jury, but clearly left the impression that there was something improper and sinister about the whole line of inquiry. This was a case where there was serious conflict in the testimony. The credibility or lack thereof of respondent’s sole witness was, therefore, of tremendous importance. In a close case, and the record clearly discloses that this was such, it takes but little to sway a jury one way or the other. We cannot say that these erroneous rulings were not the determining factor.
The judgment and order should be reversed on the law and a new trial granted, with costs to abide the event.
Foster, P. J., Brewster, Saktry and Bergak, JJ., concur.
Judgment and order reversed, on the law, and a new trial granted, with costs to abide the event.